Geaham, Judge,
delivered the opinion of the court:
This suit grew out of a formal written contract between the plaintiff and the defendant under which the plaintiff agreed to do certain dredging at a fixed price per cubic yard, compensation to be computed on the basis of scow measurement and not place measurement; that is to say, the material excavated was to be dumped into scows and thereafter measured in the scows.
The contract provided that the scow measurement was to be made by the defendant’s inspectors and monthly payments were to be made on the basis of the estimates based upon these measurements. These measurements were regularly made and upon estimates based thereon payments were regularly made to the contractor and accepted without protest until the contract was completed and the final payment and settlement reached.
Paragraph 31 provided:
“ * * * the final acceptance of the whole or a part of the work and the deductions or corrections of deductions made thereon will not be reopened, after having once been made, except on evidence of collusion, fraud, or obvious error, * *
At this point the plaintiff asserted that the scow measurements were not accurate and insisted that on account of obvious error disclosed by certain discrepancies between the scow measurements and the place measurements by the Government surveyors it was entitled to a larger recovery than shown by the scow measurements. It appears that the scow measurements were reasonably accurate. But however this may be, the contract provided for scow measurements. It appears by the findings that there was no bad faith or carelessness in the making of the scow measurements by the Government inspectors. They were made in the presence of the plaintiff’s representatives, and no pro *83 test was made or objection raised, and payment from time to time based upon them accepted.
During the progress of the work the Government engineers submitted to the plaintiff monthly estimates purporting to show the quantity of materials excavated upon the basis of which payments were made on account. The quantities contained in these monthly estimates were the quantities shown by the estimates of Government inspectors as determined by scow measurement.
It appears from the findings that there was no obvious error in the estimate based on scow measurement.
Under these facts the case is controlled by the decisions of this court in Joice v. United States, 51 C. Cls. 439, and Poole Engineering Co. v. United States, 57 C. Cls. 232, 236.
Plaintiff is asking for the rejection of scow measurements and the substitution therefor of place measurements after the work had been completed, despite the fact that the contract called for a settlement on the basis of scow measurement. There is nothing in the contract which authorizes or in the findings which justifies a settlement upon the basis of place measurement.
Paragraph 43 of the specifications further provided that—
“ If the contractor considers any * * * ruling of the inspectors or contracting oflicer as unfair, he shall ask for written instructions or decision immediately and then file a written protest with the contracting officer against the same within 5 days thereafter, or be considered as having accepted the record or ruling.”
This requirement the plaintiff failed to observe.
Paragraph 7 of the contract provided that—
“No claim whatever shall at any time be made upon the United States by the contractor for or on account of any extra work or material performed or furnished * * * and not expressly bargained for.”
We hold that the Government is only liable for payment to the contractor, aside from the question of overdepth and side-slope dredging which will be discussed later, upon the basis of scow measurements found by the inspectors and *84 at the rate fixed per cubic yard for such measurements by the contract.
The contract provided that the contractor should not be entitled to compensation for overdepth dredging in excess of 2 feet below the 22 feet required by the contract, nor for any excess side-slope dredging.
At the conclusion of the work the Government engineers made up a final estimate showing the total quantity, scow measurement, excavated by the plaintiff under the contract. This final estimate showed a total gross excavation, scow measurement, amounting to 380,668 cubic yards. The estimated over depth dredging by actual surveys, place measurement, amounted to 71,558 cubic yards, which, under the contract, was to be deducted from the total scow measurement on the basis of 100 scow measurement to 85 place measurement. Taking this 71,558 cubic yards, place measurement, the Government engineers for some unexplained reason, instead of applying the ratio of 85 place to 100 scow measurement, provided in the contract, applied a ratio of 95.2 place to 100 scow measurement, which showed 75,158 cubic yards to be deducted from the total scow measurement of 380,663 cubic yards, leaving a balance of 305,505 cubic yards to be settled for with the plaintiff, and upon this basis there was due the plaintiff, at 40 cents a cubic yard, $122,202. The plaintiff had been paid the sum of $114,-849.60, thus leaving a balance due on final settlement of $7,352.40, plus $4 for meals furnished Government inspectors, making a total of $7,356.40. A voucher for this amount was certified to the accounting office for direct settlement. The Comptroller General refused to pay the voucher, holding that under the terms of the contract the deduction for overdepth dredging should be according to the terms of the contract, which was 85 place to 100 scow measurement, instead of 95.2 place tó 100 scow measurement used in the settlement by the Government engineers. Taking this basis for calculating overdepth dredging in place, the amount to be deducted would be 84,186 cubic yards, which, deducted from the said total amount dredged, 380,663, left a balance to be settled for of 296,477 cubic yards, which at 40 cents *85 a cubic yard amounted to $118,590.80. Deducting the sum of $114,849.60 previously paid by the Government, there was due the plaintiff under the comptroller’s determination, the sum of $8,741.20. A check for this amount was made out and sent to the plaintiff, which the plaintiff refused to accept.
We are of opinion that this settlement of the comptroller was correct and in accordance with the provisions of the contract. The plaintiff, therefore, is entitled to recover said amount, $3,741.20, and for it judgment should be entered.
Williams, Judge, and LittletoN, Judge, did not hear this case and took no part in the decision. ,
GREEN, Judge, and Booth, Chief Justice, concur.